UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. _____  3:05CV214-MU

| | |
|---|---|
| In re: | Chapter 7 |
| RFS ECUSTA INC. and <br> RFS US INC., | Case Nos. 03-10358 <br> and 03-10360 |
| Debtors. | (Jointly Administered) |
| LANGDON M. COOPER, <br> as Chapter 7 Trustee for the estates of <br> RFS ECUSTA INC. AND RFS US INC., | Adv. Pro. No. 04-3233 |
| Plaintiff, | |
| v. | |
| NATHU RAM PURI, UPENDRA K. PURI, AJAY BADHWAR, STEVEN H. SMITH, PURICO (IOM) LIMITED, PURICO US, INC., RF & SON, INC., DOORLOCK, LTD., ECUSTA FIBERS LTD., ECUSTA AUSTRALIA PTY. LTD., PURICO GMBH, ENVIRONMENTAL DESIGN CONSULTANCY, P.H. GLATFELTER COMPANY and MOLLANVICK, INC., | |
| Defendants. | |
| P.H. GLATFELTER COMPANY and MOLLANVICK, INC. | |
| Counterclaim and Crossclaim Plaintiffs | |
| v. | **ORDER** |
| LANGDON M. COOPER, as Chapter 7 Trustee for the Estates of RFS Ecusta, Inc. and RFS US, INC., NATHU RAM PURI, UPENDRA K. PURI, PURICO (IOM) LIMITED, PURICO US, INC., RF & SON, INC., and PURICO GMBH, | |
| Counterclaim and Crossclaim Defendants | |

FILED
CHARLOTTE, N. C.

MAY 09 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

**THIS MATTER** is before the Court *sua sponte* and on two motions for the withdrawal of reference pursuant to 28 U.S.C. §157(d). The motions were filed in two adversary proceedings now pending in the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court"). One motion was filed by Nathu Ram Puri, Upendra K. Puri, Purico (IOM) Limited, Purico US, Inc., RF & Son, Inc., and Purico GmbH in Adv. Pro. No. 04-3232. The second motion was filed by Nathu Ram Puri, Upendra K. Puri, Ajay Badwhar, Steve H. Smith, Purico (IOM) Limited, Purico US, Inc., RF & Son, Inc., Doorlock, Ltd., Ecusta Australia Pty. Ltd., Purico GmbH and Environmental Design Consultancy in Adv. Pro. No. 04-3233.

These two motions disclose to the Court that, *inter alia,* there are five adversary proceedings now pending in the Bankruptcy Court in the cases of RFS Ecusta, Inc. and RFS US Inc (the "Debtors"), including this one, all of which relate materially to the circumstances and transactions of the sale to the Debtors by P. H. Glatfelter Company of a papermaking plant Glatfelter operated in North Carolina as the "Ecusta Division" from about 1987 to August, 2001. The five adversary proceedings are:

    a.    Cooper, Trustee vs. Nathu Ram Puri, et al, Adv. Pro. No. 04-3233,

    b.    Cooper, Trustee vs. P.H. Glatfelter Company, et al, Adv. Pro. No. 04-3232,

    c.    Cooper, Trustee vs. Dechert, LLP, Adv. Pro. No. 04-3231.

    d.    Cooper, Trustee vs. Nathu Ram Puri, et al, Adv. Pro. No. 03-3352, and

    e.    Cooper, Trustee vs. P.H. Glatfelter Company, et al, Adv. Pro. No. 04-3069.

A review of the pleadings and the Bankruptcy Court dockets in these five adversary proceedings discloses a complicated series of events which have given rise to multiple claims, counterclaims and crossclaims.

The two adversary proceedings in which motions for the withdrawal of reference have been made, that is, Adv. Pro. No. 04-3232 and Adv. Pro. No. 04-3233, both contain material non-core claims, timely jury trial requests by multiple parties, and statements by the parties that they do not consent to jury or bench trials of the non-core matters in the Bankruptcy Court. The Court concludes that the reference of these two adversary proceedings will be withdrawn pursuant to 28 U.S.C. §157(d) under the so-called permissive withdrawal standard for cause shown. In these two adversary proceedings there are proper jury trial demands and non-core material claims, and withdrawing the reference will efficiently use judicial resources, reduce the costs of litigation, and serve the goals of uniformity of bankruptcy administration, and there is no indication of forum shopping by the Puri movants.

The plaintiff, who is the Chapter 7 bankruptcy trustee for the Debtors, has recently moved in the Bankruptcy Court for the consolidation of three of the adversary proceedings: Adv. Pro. No. 04-3231, Adv. Pro. No. 04-3232 and Adv. Pro. No. 04-3233. The plaintiff's consolidation motion is supported by some defendants and opposed by others. A hearing on this motion for consolidation is presently scheduled for May 11, 2005 in the Bankruptcy Court. That hearing will not take place. The Puri movants for the withdrawal of the reference of two of the adversary proceedings have also moved for a stay of those two adversary proceedings while this Court decides the two withdrawal motions.

The Court concludes that for cause shown the reference of the Adv. Pro. No. 04-3232 and Adv. Pro. No. 04-3233 should be withdrawn, and that the Puri movants' motion should be granted. Further the Court *sua sponte* has also determined for cause to withdraw the reference of Adv. Pro. No. 03-3352, Adv. Pro. No. 3231 and Adv. Pro. No. 04-3069 as these cases, together with Adv. Pro. No. 04-3232 and Adv. Pro. No. 3233, should be tried before one judge and possibly be consolidated or jointly administered. In any event a master discovery plan for the five adversary proceedings should be implemented.

3

The Court will nevertheless order the plaintiff in the five adversary cases to provide notice of this Order to all counsel in the five adversary proceedings that the Court intends to withdraw the reference of each case. In that regard any party to any of the five adversary proceedings may file an objection which this court will consider before entry of the withdrawal orders. In this regard, the Parties shall have ten days after service of this Order by the plaintiff[1] to respond. The plaintiff's counsel shall file a certificate of the service of this Order in each adversary proceeding.

The Court will stay all matters and proceedings in these five adversary proceedings until further order of this Court.

**IT IS THEREFORE ORDERED** that counsel for the parties in the five adversary proceedings identified in this Order shall have ten days from service of this Order by the plaintiff to object to a withdrawal of the reference by the undersigned Judge of all five adversary proceedings, after which the Court will consider the matter and enter orders accordingly in each of the five adversary proceedings. Any party who does object shall serve its objection on all counsel in the five adversary proceedings. If a party does not object to withdrawal of the reference, there is no need to file a response.

**IT IS FURTHER ORDERED** that counsel for the plaintiff shall forthwith serve copies of this Order on all counsel in the five adversary proceedings, and file a certificate of service in each adversary proceeding.

---

[1] The Court intends after withdrawal of the reference to continue a stay in effect in Adv. Pro. No. 04-3069, the adversary proceeding concerning the $1.6 million deposited by a party with the State of North Carolina with respect to certain workers' compensation matters. That stay will continue at least until the opinion of the North Carolina Court of Appeals is entered in the Goodson state-court action.
  The Court is also aware that the plaintiff's requests for jury trial and consolidation in Adv. Pro. No. 04-3231 are opposed by the defendant Dechert, LLP, and this Court would address those matters after the reference is withdrawn.
  Finally, the Court is aware that at this time there are no jury trial requests in Adv. Pro. No. 04-3069 and Adv. Pro. No. 03-3352.

**IT IS FURTHER ORDERED** that all proceedings and matters in the five adversary proceedings identified above are stayed pending further Order of the undersigned Judge of this Court.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall notify the Clerk of the Bankruptcy Court of the entry of this Order, including the stay of all further matters, hearings and other proceedings in the five adversary proceedings.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall open five civil files assigned to the undersigned Judge, one for each of the five adversary proceedings, and this identical Order shall be entered in each file.

This the 6th day of May, 2005.

GRAHAM C. MULLEN
Chief United States District Court Judge

5