IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV213-MU
3:05CV214-MU
3:05CV216-MU

In re: )
)
RFS ECUSTA, INC. and )
RFS US INC., )
) ORDER
Debtors, )
)
And Related Actions. )
_____ )

This matter is before the court upon the Glatfelter Defendants' Motion to Transfer Venue to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) and § 1406. The Glatfelter Defendants contend that these three adversary proceedings must be transferred to the Middle District of Pennsylvania pursuant to a mandatory forum selection clause in the Acquisition Agreement. The Trustee has filed a brief vigorously opposing the Glatfelter Defendants' motion. Defendant Ecusta Fibres, Ltd. has also opposed the motion to transfer case number 3:05CV214 and has filed an alternative Motion to Sever should the court grant the Motion to Transfer. The remaining Defendants in this case have also filed a separate objection to the Motion to Transfer Venue.

Section 1404(a) of Title 28 provides that "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Thus, § 1404(a) allows transfer to another district only if the case "might have been brought" in that district. U.S. Ship Mgt., Inc. v. Maersk Line, Limited, 357 F.Supp.2d 924, 930 (E.D.Va. 2005). "This threshold

prerequisite must be addressed and resolved before it is appropriate to consider whether the case should be transferred to the transferee forum for the convenience of the parties and witnesses and in the interest of justice. To satisfy this threshold prerequisite, the movant must show that venue and personal jurisdiction would have been proper in the transferee forum." Id. Moreover, "the party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum." Volkswagen de Mexico, S.A. v. Germanisher Lloyd, 768 F.Supp. 1023, 1029 (S.D.N.Y. 1991).

Glatfelter has failed to meet this burden. Glatfelter has offered no evidence that there exists personal jurisdiction in the Pennsylvania court over each of the Defendants in the proceedings. Moreover, Glatfelter has filed a motion to consolidate these proceedings arguing that the claims and defendants are interrelated. Thus, Glatfelter would be hard pressed to argue that only some of the claims or Defendants should be transferred while others should remain in North Carolina.

Absent an evidentiary showing by Glatfelter that the proceedings could have been brought by the Trustee against all these Defendants in Pennsylvania, the court must deny its Motion to Transfer Venue. As Glatfelter has failed to meet this threshold requirement, the court finds it unnecessary to address any of the "convenience" factors under § 1404(a).

Glatfelter has moved in the alternative to transfer venue pursuant to § 1406, which provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue is proper in this district. Thus, § 1406 is inapplicable.

IT IS THEREFORE ORDERED that Glatfelter's Motion to Transfer Venue is hereby

DENIED;

IT IS FURTHER ORDERED that Ecusta Fibres, Ltd.'s alternative Motion to Sever is hereby DENIED.

Signed: February 1, 2006

*Graham C. Mullen*
Graham C. Mullen
United States District Judge